UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JERRY WANZER, TDCJ #00855976** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | SA-20-CV-00779-XR |
| **PHONSO J. RAYFORD, Senior Warden,** § | |
| **John B. Connally Unit, In His Individual** § | |
| **and Official Capacities, ET AL.,** § | |
| § | |
| **Defendants.** § | |

## ORDER OF PARTIAL DISMISSAL

Before the Court is Plaintiff Jerry Wanzer's *pro se* 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Upon review, the Court orders Wanzer's section 1983 claims against Defendants Veolia North America[1] and Gary Wagner **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

### BACKGROUND

Wanzer was convicted of aggravated sexual abuse of a child and aggravated sexual assault of a child. https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02958389 (last visited July 21, 2021). He is currently confined in the John B. Connally Unit of the Texas Department of Criminal Justice ("TDCJ"). (ECF No. 1). While confined, Wanzer filed this action against numerous TDCJ officials, the UTMB Director, a UTMB ophthalmologist he claims was

---

[1] In his Complaint, Wanzer named "Viola Company" as the defendant. (ECF No. 1). However, it appears the actual name of the company is "Veolia North America," and it provides customers, like the City of Kenedy, with assistance with regard to energy, water, and waste functions. *See* https://www.veolianorthamerica.com/about/who-we-are (last visited July 21, 2021). The Clerk of Court is directed to change the style of the case to reflect the proper name of this Defendant, specifically changing the name of the defendant from "Viola Company" to "Veolia North America."

contracted by TDCJ to treat inmates, and a private water company and its plant superintendent. (*Id.*). He seeks injunctive relief and compensatory and punitive damages. (*Id.*).

## APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule

12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

As previously noted, Wanzer named a water company—Veolia North America—and its plant superintendent—Gary Wagner— as defendants in this action. (ECF No. 1). The Court finds Wanzer's section 1983 claims against Veolia North America and Wagner fail to state a claim upon which relief may be granted because these defendants are non–state actors who are not subject to suit under section 1983.

There are two essential elements to a section 1983 action: (1) the conduct of which the plaintiff complains must be committed by a person acting under color of state law; and (2) the conduct complained of must deprive the plaintiff of a right secured by the Constitution or federal

statute. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014). In other words, to state a claim under section 1983, a plaintiff must show the defendant violated his constitutional rights while acting *under color of state law*, i.e., the defendant was a state actor. *Moody*, 868 F.3d at 351; *Whitley*, 726 F.3d at 638; *see* 42 U.S.C. § 1983. Private individuals are not generally considered to be state actors subject to suit under section 1983. *Moody*, 868 F.3d at 352. However, actions by private individuals may be deemed state action when the individual's conduct is "fairly attributable to the state." *Id.* A private individual's conduct may be "fairly attributable to the state" is if he "is involved in a conspiracy or participates in a joint activity with state actors." *Id.* (quoting *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). The Supreme Court has applied several different formulas to determine whether seemingly private conduct will subject a defendant to claims under section 1983. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241–42 (5th Cir. 1999) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) (recognizing public function, state compulsion, nexus, and joint action tests)).

To determine whether the conduct of Defendants Veolia North America and Wagner may be "fairly attributable to the state," and thereby subject them to potential liability under section 1983, the Court must first identify "'the specific conduct of which the plaintiff complains.'" *Glotfelty v. Karas*, 512 F. App'x 409, 414 (5th Cir. 2013) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Wanzer, in his response to this Court's Order for More Definite Statement, contends Veolia North America and Wagner contracted with the State to provide the John B. Connally Unit with "clean drinking water." (ECF Nos. 13, 16). According to Wanzer, Veolia North America and Wagner

4

exposed him to "contaminated water" in violation of his Eighth and Fourteenth Amendment rights. (*Id.*). To establish Veolia North America and Wagner are subject to suit under section 1983, Wanzer relies on the public function test, contending that by supplying water to the prison unit they are performing a traditional state function. (*Id.*).

Under the public function test, a "'private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state.'" *Bass*, 180 F.3d at 241–42 (quoting *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989)). "'While many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Id.* at 242 (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 158 (1978)). Based on Wanzer's assertion in his response to the Court's Order for More Definite Statement, he seems to contend water service is a function traditionally within the exclusive province of the State, making Veolia North America and Wagner state actors for purposes of his section 1983 claims against them. (ECF No. 16). Wanzer is incorrect.

In *Blankenship v. Buenger*, the plaintiff, a member of a private water supply corporation, sought to run for the corporation's board of directors. 653 F. App'x 330, 332 (5th Cir. 2016). Based on events that occurred before and after the election, the plaintiff filed a section 1983 action against the corporation's board members and the county sheriff in which he alleged numerous constitutional violations. *Id.* at 333. The defendants filed a motion to dismiss, which the district court granted. *Id.* at 334; *see* FED. R. CIV. P. 12(b)(6).

On appeal, the plaintiff argued the district court erred in dismissing his suit against the board members because they were, in fact, state actors under the public function test. *Id.* at 339. He argued the provision water services is traditionally within the exclusive prerogative of the State.

*Id.* Analogizing to the Supreme Court's decision in *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974), wherein the Court held the provision of electrical utility services was not an exclusive State function, the Fifth Circuit held "the provision of water services does not fall within the 'very few activities' exclusively reserved to the State." *Blankenship*, 653 F. App'x at 339 (quoting *White v. Scrivner Corp.*, 594 F.2d 140, 142 (5th Cir. 1979)). The Fifth Circuit found, based on a review of Texas law, "that private corporations have long enjoyed a share in the water utility industry[,]" and therefore, the public function exception did not apply to the plaintiff's section 1983 claims against the water corporation's board members. *Id.*

Based on *Blankenship*, this Court finds neither Veolia North America nor Wagner are state actors for purposes of the section 1983 claims against them based on the public function test. (ECF No. 16); *see Blankenship*, 653 F. App'x at 339. These defendants' actions in providing water services to the John B. Connally Unit under a contract with the State (or the local municipality) does not constitute performance of a function traditionally within the exclusive prerogative of the State. *See id.* Thus, the Court finds neither Veolia North America nor Wagner are state actors subject to the section 1983 claims asserted against them by Wanzer. *See id.*

## CONCLUSION

Because Wanzer's section 1983 claims are not viable given that neither Veolia North America nor Wagner are state actors, the Court finds Wanzer has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Accordingly, his section 1983 claims against both Veolia North America and Wagner are subject to dismissal with prejudice. *See id.*

**IT IS THEREFORE ORDERED** that Wanzer's section 1983 claims against Defendants Veolia North America and Gary Wagner (ECF No. 1) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

Wanzer's claims against the other named Defendants remain pending.

It is so **ORDERED**.

**SIGNED** this 21st day of July, 2021.

_____
Xavier Rodriguez
United States District Judge